Associate Chief Justice Lee, concurring:
 

 ¶ 41 I agree with and accordingly concur in the majority opinion as far as it goes. I write separately only to say that I would go a step further than the court does in clarifying the role that the "running with the land" factor plays in assessing whether a land use decision is legislative or administrative. The majority acknowledges that "all (or nearly all) land use decisions, even those that we have deemed administrative such as conditional use permits and variances, necessarily run with the land."
 
 Supra
 
 ¶ 16 n.3. It also concedes that we have said that variances and conditional use permits are administrative decisions despite the fact that they "run with the land." And it notes that our decision in
 
 Krejci v. City of Saratoga Springs
 
 ,
 
 2013 UT 74
 
 ,
 
 322 P.3d 662
 
 , identified grounds for treating variances and conditional use permits as administrative despite the fact that they run with the land.
 

 ¶ 42 Notwithstanding the foregoing, the court stops short of "disavow[ing]" the "runs with the land" factor as an element of our analysis in this field.
 
 Supra
 
 ¶ 16 n.3. It faults the parties for not presenting argument under factors set forth in
 
 Eldridge v. Johndrow
 
 ,
 
 2015 UT 21
 
 ,
 
 345 P.3d 553
 
 . And it concludes that this failure "is fatal" to the parties' request that we disavow our law's consideration of whether a land use decision "runs with the land."
 
 Supra
 
 ¶ 16 n.3.
 

 ¶ 43 I see no barrier to open disavowal of this factor. The parties' briefs have highlighted the fact (noted by the majority) that the "runs with the land" factor isn't doing any work in this field. That is enough to convince me of the merits of an open acknowledgment
 of this reality. And I do not think that that acknowledgement requires the same kind of
 
 stare decisis
 
 analysis that would be required if we were outright overruling a prior decision, or completely reformulating a legal doctrine. In owning up to the fact that the "running with the land" factor plays no role in our decisions we would not be overruling
 
 Carter
 
 or
 
 Krejci
 
 . We would just be stating a reality. I would do that here, and I see no barrier to that move in the doctrine of
 
 stare decisis
 
 .